UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re CHARLES HOLBROOK,

    Petitioner,　　　　　　　　　　Case No. No. 2:21-CV-11487
　　　　　　　　　　　　　　　　　　　Honorable Sean F. Cox

_____/

**OPINION AND ORDER SUMMARILY DISMISSING
THE PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Charles Holbrook, confined at the St. Louis Correctional Facility in St. Louis, Michigan, filed a "Petition for Relief" in the Federal District Court, Northern District of California. (ECF No. 1.) Holbrook acknowledged in the petition that he is a state prisoner in Michigan and told the court, "[t]here has been no crime." The California district court construed the pleading "as an attempt to file a petition for a writ of habeas corpus under 28 U.S.C. § 2254." (ECF No. 2.) Because Holbrook is incarcerated in the Eastern District of Michigan, the California court determined venue was proper in this Court, and transferred Holbrook's petition accordingly. (*Id.*) As explained below, the petition will be dismissed.

**I.**

Holbrook was convicted by a Kent County Circuit Court jury of being a felon in possession of a firearm, Mich. Comp. Laws § 750.224f; and accosting a child for immoral purposes, Mich. Comp. Laws § 750.145a; as well as two counts each of

possessing child sexually abusive material, Mich. Comp. Laws § 750.145c(4); allowing a child to engage in child sexually abusive activity, Mich. Comp. Laws § 750.145c(2); and producing child sexually abusive material, Mich. Comp. Laws § 750.145c(2). *People v. Holbrook*, No. 298869, 2011 WL 5064266, at *1 (Mich. Ct. App. Oct. 25, 2011) (per curiam), *lv. app. denied*, 817 N.W.2d 78 (Mich. 2012). He was sentenced as third habitual offender to a prison term of fifteen to forty years.[1]

Holbrook contested his convictions and sentence in a habeas petition in this Court which was denied on the merits. *See Holbrook v. Rapelje*, 2:13-cv-13137 (E.D. Mich. Apr. 1, 2016) (Friedman, J.). He has continued to file "a long line of cases in which [he] has sought to overturn his state-court convictions in federal court." *Holbrook v. Michigan*, No. 20-10205, 2020 WL 1698663, at *1 (E.D. Mich. Apr. 8, 2020) (Michelson, J.). The Sixth Circuit Court of Appeals has repeatedly denied Holbrook authorization to file a second or successive habeas petition. *See In re Holbrook*, No. 21-1151 (6th Cir. June 15, 2021) (order) (citing *In re Holbrook*, No. 20-1299 (6th Cir. July 29, 2020) (order); *In re Holbrook*, No. 18-2109 (6th Cir. Feb. 15, 2019) (order); *In re Holbrook*, No. 17-2327 (6th Cir. Mar. 21, 2018) (order); *In re Holbrook*, No. 17-1540 (6th Cir. Oct. 5, 2017) (order)).

---

[1] Holbrook's sentence was obtained from the Michigan Department of Corrections' Offender Tracking Information System (OTIS), of which this Court is permitted to take judicial notice, see *Ward v. Wolfenbarger*, 323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004).

## II.

"The Anti–Terrorism and Effective Death Penalty Act does not take kindly to repeat requests for habeas relief." *King v. Morgan*, 807 F.3d 154, 155 (6th Cir. 2015). Once a petitioner has initially been denied such relief, "he may not file a 'second or successive' petition without satisfying several stringent requirements." *Id*. The petitioner must request an order be issued by the appropriate court of appeals authorizing the district court to consider the subsequent petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). The appellate court will only issue the order of authorization for claims that were not presented in a previous habeas petition, and which are based on new rules of retroactively-applied constitutional law, or new facts, previously undiscoverable and sufficient to preclude a guilty verdict. *King*, at 156–57.

Generally, when a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without preauthorization, the lower court must transfer the document to the court of appeals. *See Moreland v. Robinson*, 813 F.3d 315, 325 (6th Cir. 2016) (citing *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997)). However, a subsequent petition that raises claims presented in a prior habeas petition must be dismissed. *In re West*, 402 F. App'x 77, 78 (6th Cir. 2010) (citing 28 U.S.C. § 2244(b)(1).

### III.

Because "Holbrook has become a serial filer of petitions for habeas corpus," another court in this district recently

> enjoined and restrained [Holbrook] from filing anything further in the United States District for the Eastern District of Michigan relating in any way to his . . . state court conviction without either first making a written request for and receiving a court order from the Presiding or Chief Judge authorizing the filing, or permission from the Sixth Circuit to file a successive habeas petition.

*Holbrook v. State of Michigan,* No. 2:20-10205 (E.D. Mich. June 15, 2020) (ECF No. 41, PageID.149, 151). The court also ordered Holbrook to certify in any such request "that the claim or claims he wishes to present are new claims never before raised and disposed of by any federal court, and . . . that his action is taken in good faith and that [the] claims he raises are not frivolous or malicious." *Id*. at PageID.151.

Holbrook filed the current action in the Northern District of California, without complying with the pre-filing requirements imposed in the June 2020 order. That court correctly construed Holbrook's pleading as a petition brought pursuant to 28 U.S.C. § 2254. As the "legality of [Holbrook's] detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus," 28 U.S.C. § 2244(a), the petition is a second or successive application

In January 2021, Holbrook filed a petition in the Western District of Michigan, in which he claimed, as in the instant petition, "[t]here has been no crime." *See*

4

*Holbrook v. State of Michigan*, W.D. Mich. Case No. 21-00091, ECF No. 1, PageID.2. The Sixth Circuit declined to authorize this as a second or successive petition, holding that Holbrook had "advanced his claim in a prior petition" and was therefore subject to dismissal pursuant to section 2244(b)(1). *See In re Holbrook*, No. 21-1151 (6th Cir. June 15, 2021) (order). Similarly, Holbrook's petition now before the Court must be dismissed as raising a claim presented in a previous habeas petition. 28 U.S.C. § 2244(b)(1).

Finally, Holbrook failed to seek permission to file the petition in this Court, and failed to certify that his claims had merit and were brought in good faith. He therefore failed to satisfy the terms of Judge Michelson's June 2020 order. His petition is subject to dismissal on those grounds as well. *See Edwards v. Johns*, 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006)

**IV**.

Accordingly, **IT IS ORDERED** that the petition for writ of habeas corpus (ECF No. 1) is **DISMISSED WITH PREJUDICE**.

SO ORDERED.

Dated: August 5, 2021                                  s/Sean F. Cox
                                                       Sean F. Cox
                                                       U. S. District Judge